FAIRFAX'S EXECUTOR v. ANN FAIRFAX.

---

ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action of *assumpsit* brought by the defendant in error against the plaintiff in error, as executor.

Upon the issues of *non assumpsit* and *plene administravit*, the jury found a general verdict, which was recorded in this form: " We of the jury find the issues for the plaintiff, and assess the damages to two hundred and twenty dollars and ninety-five cents." Upon which verdict the judgment of the court was " that the plaintiff recover against the defendant her damages aforesaid in form aforesaid assessed, and also her costs by her about her suit in this behalf expended, to be levied of the goods and chattels of the said Bryan Fairfax, deceased, at the time of his death, in the hands of the said defendant to be administered, if so much, &c. but if he hath not so much, then the costs aforesaid to be levied of the proper goods and chattels of the said defendant; and the said defendant in mercy," &c.

*Upon the issue of plene administravit the jury must find specially the amount of assets in the hands of the executor, otherwise the court cannot render judgment upon the verdict. If the defendant below intermarries after the judgment, and before the service of the writ of error, the service of the citation upon the husband is sufficient.*

The error relied upon by the plaintiff in error was, that the jury had not found the amount of assets in his hands to be administered.

*Swann,* for the plaintiff in error, having cited *Esp. N. P.* 263. and the case of *Booth's Executors* v. *Armstrong,* 2 *Wash.* 301., was stopped by the court, who requested to hear Mr. *E. J. Lee* on the other side.

FAIRFAX'S
EX'R
v.
FAIRFAX.

*E. J. Lee*, contra.

There was no necessity for the jury to find specially the amount of the assets, for if ever so small a sum had been found, the judgment would have been the same as if assets had been found to the whole amount of the plaintiff's claim. The sum found by the jury would not alter the judgment. It would still have been for the whole debt *de bonis testatoris si*, &c. and *si non*, then the costs *de bonis propriis*.

But here the jury have in substance found that the *defendant had assets more than sufficient to satisfy the debt due to the plaintiff;* for that is the allegation of the plaintiff in her replication; and the jury have found the issue for the plaintiff upon that replication.

It is not more necessary to find specially upon this issue than upon *non assumpsit* or *nil debet.*

There is a difference between this case and that of *Booth's Executors* v. *Armstrong*, 2 *Wash.* 301., for there the finding was not, as here, generally, " *we find the issues for the plaintiff;*" but " *we find for the plaintiff the debt in the declaration mentioned, and one penny damages.*" The finding there was special, and could not be construed to be a finding of the matter of the plaintiff's replication as the finding in the present case may and ought to be.

The cases cited to show that the amount of assets found could not alter the judgment were, 8 *Co.* 34. *Mary Shipley's* case. *Cro. Eliz.* 592. *Waterhouse* v. *Woodstreet. Styles*, 38. *Gawdy* v. *Ingham. Freem.* 351. *Oxendan* v. *Hobdy. Bro. Execution, pl.* 34. *pl.* 82. *Godbolt*, 178. *Newman* v. *Babington. Cro. Car.* 373. *Dorchester* v. *Webb. Lex Test.* 414.

*February* 21.

MARSHALL, Ch. J. delivered the opinion of the court to the following effect:

The verdict ought to have found the amount of the assets in the hands of the defendant to be administered.

The cases cited to show that the judgment must be for the whole sum, if the verdict find any assets, have been overruled. This is declared by Lord *Mansfield,* in a case cited in *Gwillim's* edition of *Bac. Abr.* and the law is now well understood to be, that the executor is only liable for the amount of assets found by the jury. In Virginia the law has been so settled. The case cited from 2 Wash. Rep. is precisely in point. The counsel for the defendant in error attempted to show a distinction arising from the difference of form in which the verdicts were rendered. But the two verdicts appear to the court to be precisely alike in substance.

The defendant in error relies on the form of the issue. She contends that as the replication alleges that the defendant has assets more than sufficient to satisfy the debt, he finding of that issue for the plaintiff below in effect finding that the defendant has assets more than sufficient to satisfy the debt; and if so, it is wholly immaterial what the real amount of assets is. But if this were the issue, and the demand were 500 dollars, if the jury should find that the defendant had assets to the amount of 499 dollars, the judgment must be for the defendant.

But the law is not so. An executor is liable for the amount of assets in his hands, and not more.

The issue really is, whether the defendant has *any*, and what amount of assets in his hands.

Judgment reversed.*

* *Vide,* 5 *T. R.* 688, 689. Harrison *v.* Beecles.

*E. J. Lee* had previously moved this court to quash the writ of error, because the citation was not served on *Ann* Fairfax, the defendant

in error; but on her husband Charles I. Catlett, with whom she had intermarried since the judgment below.

But the court overruled the motion, saying,

That the act of congress, *vol.* 1. *p.* 62. § 22. does not designate the person upon whom the citation shall be served, but only directs that the *adverse party shall have at least thirty days' notice.*

The citation served on the husband is well. The service is sufficient.