*54 Opinion of the Court, by
Ch. J. Boxee.
THE errors assigned in this case question, first, the propriety of joining the counts in the declarationand secondly, the sufficiency of the verdict.
(1) The action was assumpsit, and. three counts were laid in the declaration. The.first is upon the promise of the defendant’s testator, for diet, lodging, &c. furnished him; the second, upon the promise of the defendant as executor, for diet, &c. furnished, the testator; and the third, on an account stated by the defendant as. executor, for money in arrears and- due from his testator.
(2) Of the propriety of the joinder of these counts in the same declaration, we. have no doubt. The general-rule upon this subject is, that wherever the same plea may be pleaded, and the same judgment given, in all the counts of the declaration, or wherever the counts are of the same, nature, and the same judgment is given upon them all, though the pleas be different, they may well; be joined.
(3) Now, it is obvious that the counts in this case are all of the same nature, and require the same judgment; for they all charge the defendant as executor, and though two of them are founded upon his promises, (bese are alleged to be made by him as execuíor, and no new considération is laid, which can bind him in his own right; and, consequently;'the judgment in alt of then} *55 must be rendered de bonis icsialoris, and not de bonis pro- • • -a Prm‘ •
[3] Thejudg-0“t^® the executor, as such, for a tor ¿s <je 1)0" nis testatoris.
[4] The order Vterm «thedefeml’t filed a plea gje(j joinder, & which pleais th'/nex” tevm, ‘‘plaintiff filed arc-!U the last term, to j0indor;” all are found on the’tat^in* uwparties have recognized the belongs to the passo?
However ir-nuiv15 * {iav0 been placed on file, jyjr rep¿e‘s it. and the defendant 'loth Parties are bound, & the verdict ^tVlssue*1 toiie issue.
*55 , The sufficiency of the verdict is objected to, on the ground that the jury .did not find the amount of assets m the hands of the defendant to be administered.
(4) The validity of this objection turns mainly on the question, whether a plea of plene adpiinisiravit, copied into the record, is to be deenied a regular plea in the cause.
The record of the cause shows that issues had been made up on several other pleas, and (he cause contin-nod to the October term 1822, when, as it states, “ the defendant filed a plea herein, to which the plaintiff filed a joinder; which plea was withdrawn by the de-endant, and which plea so withdrawn reads in the words and figures following;” and then follows a copy of the plea of plene adminislravit; but the clerk certifies that the joinder mentioned in the last order is not on file.
The cause, in this situation, was continued .to the fay term following, when the record, after noticing file appearance of the parties, states, that “ the defen-a dant had leave to withdraw his plea of no executor, and the plaintiff filed a replication to the plea filed at ike. last term, to which the defendant filed a joinder; which replication and joinder read in the words and figures following, to wit;” and then gives a copy of the replication, regularly traversing the plea of plene adminis-travif, and tendering an issue to the country, sigued by the counsel for the plaintiff, and a copy of the joinder signed by the counsel for the defendant; and the jury was immediately called and sworn to try the issues joined by the parties.
Oh this state of the record there is an apparent con-Iradiction between the statement of the plea having been withdrawn, and the fact of the plea still existing on the file; for it is evident the plea is on the file; otherwise, as it was not required to he recorded, the clerk could not have given a copy of it.
To reconcile this seeming contradiction, we ought perhaps to suppose that the plea, though withdrawn, was afterwards again filed. But this supposition, though evidently as favorable to tbe plaintiff as any which can be made, cannot aid his case; for the plea must be taken to be on file, and however irregularly it *56 juay have been placed there, as it was afterwards, bg-fore the trial of the cause, recognized by both parties, (by (he plaintiifin replying to if and tendering an issue Iber.eon to the country, and by the defendant iri -joining the issue,) it is evident that both parties must be bound hy When the parties have thus, by their own acts, treated the plea, wé certainly would not be justified in considering it as not belonging properly to the cause.
[5] Plea that the defoml’t thecom-16 inencement of the suit, s’storodalHhe goods & chattels which ítaceasod^ñt the time of his death, is good; for to sustain it the defendant would have !iePhad ad^ ministered " all which were of the (¡path01 who-3 ther all had come to his lrdniis°r cot.
(fi) issue'of plene admin-verdict’ must find the assets in the executor 0^ ’ judgment cennot be rendered.
(5) Kut ^ is objected, that the plea itself is insutFi-c-ien^ consequently, that the issue joined upon it ought to be disregarded. The plea in substance al-jege3; « that the defendant had, before the commence-ment of the suit, fully administered all and singular the goods and chattels which were of the deceased at his death.”
The objection taken to the plea is, that it only re-quires the defendant to show that he had administered ¡he goods and chattels of the deceased which had come {o his hands before the commencement of the suit, and Hot those which might thereafter have come to his hands,'up to the time of fifing his plea, as is demanded ¡qlc principles of law and the forms of pleas of this r , , 1 sort, given in (he books qx precedents.
The objection, we apprehend, is founded Upon ami-s-0011<:01^011 °f the import of the plea. It is not, in-deed, in the usual language of a plea of pfene adminh-travit; but it is broader than is required by law, and not narrower, as the objection supposes it to be; for the P^Cfl avers, that th-c defendant had administered, not only all the goods and chattels of the deceased, which, ca?ne to his hands, but all the goods and chattels, without limitation or exception; and the defendant would, therefore, he required to show, in order to sustain the plea, that all the goods and chattels which were of the deceased, had been fully administered, whensoever they might have come to his hands, and, indeed, whe-ther they had come to his hands or not. The objection to the pica cannot, therefore, be sustained. ,
(6) Assuming, then, the plea to belong properly to the cause, and to be in itself good, we can have no dif-ficulty iii saying that the verdict is insufficient; for the ^aw*s we^ settled, that upon the issue of p/ctie adminis-travit, the jury must find the amount of assets in the hands of the executor; otherwise the court cannot render judgment upon the verdict. Booth’s executors vs. *57 Armstrong, 2 Wash. 301; Fairfax’s executor vs. Fairfax. 5 Cranch 19.
Turmrtfor plaintiff; Hanson, for defendant.
The judgment must, therefore, he reversed with costs, and the cause be remanded, that the verdict may be set aside, and a new trial had, not inconsistent herewith.