JEFFERSON L. EDMONDS AND OTHERS, APPELLANTS, *vs.* ANDERSON CRENSHAW, APPELLEE.

Where there are two executors in a will, it is clear that each has a right to receive the debts due to the estate, and all other assets which shall come into his hands; and he is answerable for the assets he receives. This responsibility results from the right to receive, and the nature of the trust. A payment of the sums received by him to his co-executor, will not discharge him from his liability to the estate. He is bound to account for all assets which come into his hands, and to appropriate them according to the directions of the will.

Executors are not liable to each other; but each is liable to the cestuis que trust and devisees, to the full extent of the funds received by him.

The removal of an executor from a state in which the will was proved, and in which letters testamentary were granted, does not discharge him from his liability as executor; much less does it release him from his liability for assets received by him and paid over to his co-executor.

ON appeal from the Circuit Court of the United States for the Southern District of Alabama.

The appellee, with one James M'Morris, was, by the will of Aaron Cates of South Carolina, made on the 8th day of February, 1816, and proved on the 15th of the same month, appointed executor of the will. Letters testamentary were granted to both the executors.

The will directs the estate of the testator to be sold; and after the payment of the debts, directs the executors to invest the residue of the proceeds of the estate in stocks, for the benefit of certain persons named in the will; and who are appellants in this case.

The estate was sold, and the accounts were settled by the executors with the ordinary. The executors failed to invest the proceeds of the sales in stocks. This bill was filed to compel a performance of the directions of the will by the appellee.

The defendant, in the Circuit Court, stated in his answer, that the monies of the estate were not invested in stocks in consequence of the opposition of one of the legatees, a complainant in the bill; and because the sums collected were not sufficiently large. That although at the time of the taking out the letters testamentary, he was a resident of South Carolina, yet that in 1819 he removed to Alabama, having first delivered over to his co-executor, M'Morris, all the assets of the estate which had ever come to his hands, and took the receipt of the co-executor for the same, which receipt he filed with the Court of Ordinary which had granted the letters testamentary, and surrendered to the co-executor the exclusive management of the estate of the testator. M'Morris had become insolvent.

The case was heard on the bill, answer, and the receipt; and the Circuit Court ordered the bill to be dismissed. From this decree an appeal was prosecuted to this Court.

The case was argued by Mr. Key, for the appellants. No counsel appeared for the appellee.

For the appellants it was contended, that the defendant was bound to invest the proceeds of the sales in the stocks, as directed by the will of Aaron Cates; and that for any loss occasioned by his failure to do so, he was liable.

The renunciation was of no effect. No discharge from liabilities. as executor can be obtained without the action of the Court. His liabilities continued, and they were not changed or diminished by his removal to Alabama.

The receipt given to him by his co-executor had no operation on his responsibilities under the will. While it will be admitted that one executor is not liable for payments made to a co-executor; it is denied that a payment of the money by one executor to another, instead of a compliance with the will by investing the money, has no effect on those liabilities. Cited, 1 Williams on Executors, 148, 149. Ambler, 117. 2 Williams, 1124. 1 Ventris' Rep. 335. 2 Brown's Ch. Cases, 117. 2 Penn. Rep. 498. Precedents in Chancery, 173. 2 Schoales and Lefroy, Rep. 245. 7 East, 246. 11 Johns. Rep. 16. 116. 16 Ves. Jr. 478. 1 Merivale, 711. 1 P. Williams, 241.

Mr. Justice M'LEAN delivered the opinion of the Court.

This is an appeal from the Circuit Court of Alabama.

The complainants, who represent themselves to be the devisees of Aaron Cates, deceased, who, on the 7th of February, 1816, made his will in which he required all his estate. both real and personal, to be sold at public auction, by his executors, on a credit of one, two, and three years; the purchaser to give two good freehold securities and a mortgage on the property, to secure the payments. Three bequests, of one hundred dollars each, were made to certain individuals, to one of whom he gave his wearing apparel. After the payment of these bequests, his funeral expenses, and ten per cent. on monies collected by his executors, he directed that his executors should vest the entire balance, including the net proceeds of his estate then in their hands, in bank stock; or in shares or capital of such companies or corporations as in their judgments should be most proper and productive, in trust for certain uses, and subject to certain restrictions: and he appointed " his friends, Anderson Crenshaw and James M'Morris, executors; and on the death of either, the survivor was to be sole executor, with power of' appointing, either by deed or by will, a proper person to carry into effect the provisions of the will."

On the death of the testator, the executors proved the will in the ordinary's office for Newberry district, in the state of South Carolina, and qualified as executors. They caused the property to be appraised and sold, and made returns thereof to the above office: the sale bill, they allege, amounted to the sum of twenty-five thousand one hundred and forty-four dollars. And the complainants

state that at the time of his decease, the testator had a considerable sum of money on hand, and that many debts on accounts, notes, bonds, and mortgages, were due to him; and afterwards came into the hands of his executors.

The bill alleges that the defendant, one of the executors, some years since, removed from the state of South Carolina to the state of Alabama, without vesting or causing to be vested any part of the funds belonging to the estate, in the hands of the executors. That the defendant left the state of South Carolina without settling the estate or accounting for the funds which came into his hands; that M'Morris continued to act as executor; and that there is in the hands of the executors about the sum of sixteen thousand dollars, funds of the estate; and that they have neglected and refused to account for and pay over the same. That M'Morris is insolvent; and the complainants pray that the executors may account, &c.

The defendant, Crenshaw, in his answer, admits that Aaron Cates made the will, as stated in the bill, and that it was proved; that he was qualified with M'Morris as executor, made the returns to the ordinary as stated, but does not recollect the amount of the estate. He states that a part of the estate sold by the executors was recovered from the purchasers, by others; and that debts to a considerable amount were paid by the executors. He admits that in the year 1819 he removed to Alabama: and that the executors previous to this time made no investment of the funds, because the amount on hand was small, and Mrs. Wadlington, one of the legatees, and only daughter of the testator; and who was the natural guardian of her then infant children, who were the principal legatees, opposed such investment by every means in her power.

And the defendant states that before he left South Carolina, he surrendered up and delivered over to M'Morris, his co-executor, all the assets of the estate which had come to his hands; including cash, evidences of debt, and other liabilities; and took from him a receipt, which is made a part of the answer. That until this time, he and his co-executor had made correct returns to the ordinary of their proceedings; and that since then, he has not intermeddled with the estate.

The parties agreed to go to a hearing on the bill and answer; and that the receipt referred to in the answer given by M'Morris to the defendant, should be considered as duly proved.

On the bill, answer, and receipt, the question arises whether the defendant is discharged from the trust under the will.

Where there are two executors in a will, it is clear that each has a right to receive the debts due to the estate, and all other assets which shall come into his hands; and he is responsible for the assets he receives. This responsibility results from the right to receive, and the nature of the trust: and how can he discharge himself from this responsibility?

In this case the defendant has attempted to discharge himself from responsibility, by paying over the assets received by him to

his co-executor. But such payment cannot discharge him. Having received the assets in his capacity of executor, he is bound to account for the same: and he must show that he has made the investment required by the will, or in some other mode, and in conformity with the trust, has applied the funds.

One executor having received funds cannot exonerate himself, and shift the trust to his co-executor, by paying over to him the sums received. Each executor has a right to receive the debts due to the estate, and discharge the debtors; but this rule does not apply as between the executors. They stand upon equal ground, having equal rights, and the same responsibilities. They are not liable to each other, but each is liable to the cestuis que trust, to the full extent of the funds he receives. Douglass vs. Satterlee, 11 Johns. 16. Fairfax's Executors vs. Fairfax, 5 Cranch, 19.

The removal of the defendant from the state did not render him incapable of discharging his duties as executor; much less did it release him from the assets he received and paid over to his co-executor.

In the case of Griffith vs. Frazier, 8 Cranch, 9, this Court held, "that an executor who absents himself from the state after taking out letters testamentary, is still capable of performing, and is bound to perform, all the duties of executor." This was a case where there was but one executor.

The liability of the defendant arises under the laws of South Carolina, which regulated his duties as executor. He is responsible for all the assets of whatsoever kind which came into his hands as executor; and which he has not accounted for and paid over, as directed by the will.

The Circuit Court held, that the facts set up in the answer, with the receipt of his co-executor, released the defendant from his trust; and from all responsibility under it. In this the Court erred, and their decree on this ground is reversed and annulled; and the cause is remanded to that Court, with directions to have an account taken of all the assets which came into the possession of the defendant as executor, and to enter a decree in favour of the complainants against him, for the amount he shall have received and not accounted for to the ordinary, and paid over, in conformity with this opinion.