COMMERCIAL BANK OF ALBANY v. TOWNSEND. See Case No. 9,381.

COMMERCIAL BANK OF CLEVELAND v. SIMMONS. See Case No. 3,062.

COMMERCIAL BANK OF CLEVELAND (WOOLSEY v.). See Case No. 18,032.

---

## Case No. 3,059.

COMMERCIAL BANK OF COMMERCE v. GREEN et al.

[2 Flip. 181.][1]

Circuit Court, N. D. Michigan. May 22, 1878.

FOREIGN CORPORATION—A CITIZEN OF ONE STATE SUED AS DEFENDANT WHO CLAIMS TO BE A CITIZEN OF ANOTHER—SERVICE—JURISDICTION.

Where a foreign citizen (corporation) sued a person in the circuit court of the United States, and had service upon him as a citizen of Michigan, when, in fact, it turned out that he was at time of such service a citizen of Illinois: *Held,* that the service was good, and a demurrer to a plea setting up such defense was sustained.

[In equity. Bill by the Commercial Bank of Commerce against George Green and others.]

T. J. O'Brien, for plaintiff.
L. M. Keeting, for defendants.

WITHEY, District Judge. Plaintiff is a corporation created and doing business in Canada under the laws thereof, and consequently a citizen of such foreign state. The declaration states such facts and avers that defendants are citizens of Michigan. Service was had on defendant Green alone; the other defendants are not necessary parties and have not appeared. Defendant Green has interposed by way of plea in abatement that he is a citizen of Illinois and not of Michigan, to which plea a demurrer has been filed. The single question is whether it affects the jurisdiction of the court that Green is alleged to be a citizen of Michigan, when, in fact, he is a citizen of Illinois, service having been made within this district where defendant was found.

We are of opinion that demurrer should be sustained. This court has jurisdiction of suits in which there exists "a controversy between citizens of a state and foreign states, citizens or subjects." Act March 3, 1875 (18 Stat. 470). Such is this case. But the same act provides that, "no civil suit shall be brought before either of said courts," (circuit or district) "against any person by an original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving process." The facts are, plaintiff is a citizen of the dominion of Canada, defendant a citizen of Illinois, and this is a suit in which there is a controversy between them. So far the case satisfies the provisions of the statute as to jurisdiction. A further fact is that defendant is not an inhabitant of this district, but is found at the time of the service of process within the district, and served, and this satisfies

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

the only other provision of the statute involved in order to give unquestioned jurisdiction. The clear import of the act of congress is to give to an alien the right to sue a citizen of any state of the Union in the circuit court of any district where the defendant is found and served. If such is not the statute, then so long as defendant absents himself from the state of which he is a citizen, he cannot be sued in a federal court, whereas it was the clear intention to provide otherwise.

We are aware that it has been held, under the eleventh section of the judiciary act [1 Stat. 78], that it is necessary to state in the declaration of what particular states the respective parties are citizens in order to advise the court of such facts as show jurisdiction. Hodgson v. Bowerbank, 5 Cranch [9 U. S.] 303; Wilson v. City Bank [Case No. 17,797]. But in those and other cases, where the language of the court tends to convey the same view, the facts and the question were quite unlike those in the case at bar. The declaration contains the necessary averments as to citizenship of the parties. The plea states no fact showing want of jurisdiction, but merely want of accuracy as to the state of which defendant is a citizen. It is quite immaterial that defendant is a citizen of some other state than Michigan, so long as he was found and seized within the district.

Demurrer sustained, with leave to defendant to plead over.