AMANDA E. KLATT, Respondent, v. FREDERICK H. KEUTHAN et al., Defendants; WILLIAM H. KOEHRING, Appellant.

St. Louis Court of Appeals, November 3, 1914.

**TRUSTS AND TRUSTEES:** Breach of Trust: Liability for Acts of Cotrustee. Defendant trustee permitted his cotrustee to take charge of the trust funds, and invest them, without supervision or ˙co-operation on his part, and the cotrustee sold the security in which he had invested such funds, after he had retained it in his possession for about a year, and converted the proceeds to his own use, and subsequently went into bankruptcy. *Held,* that defendant was remiss and negligent in the performance of his duties as trustee, and hence was liable to the *cestui que trust* for the amount of the loss.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Frank H. Haskins* for appellant.

(1) Koehring, having taken no part in the misappropriation of the trust funds by his cotrustee, is not liable. In order to charge one trustee for the default of a cotrustee, there must be proof that he participated in the wrong doing. Glen v. McKim, 3 Gill. 366; Taylor v. Roberts, 3 Ala. 83; State of Ohio v. Nathan Guilford, 18 Ohio, 500; Hunter v. Hunter, 50 Mo. 445; Ormiston v. Olcott, 84 N. Y. 339; Boyd v. Boyd, 3 Grat. 113. (2) The mere execution of a receipt by one of two cotrustees does not make him liable if the money actually went into the hands of his cotrustee and was embezzled by him. Kip v. Kip, 4 Johns 23; Wallis v. Thornton, 2 Brock 422; Hunter v. Hunter, 50 Mo. 445. (3) If trust funds are properly invested and the securities placed in the hands of one of the trustees who misappropriates them, a cotrustee who took no part in the misappropriation will not be liable. Dyer v. Riley, 5 N. J. Eq. 124; Darnaby v. Watts, 13 Ky. Law 457; Fesmire's Estate, 134 Pa. 67; Colburt v. Grant, 181 U. S. 601. (4) Plaintiff is bound by his own evidence that appellant took no part in the handling of the trust funds, and had no knowledge of the misappropriation. 4 Ency. Evidence, p. 74; Elsworth v. Muldoon, 15 Abb. Pr., N. S. 440; Jones v. Howard, 3 Allen, 223; Lamar v. Pearce, 90 Ga. 377; Gray v. Fussel, 106 S. W. 454.

*W. S. Connor* and *S. C. Rogers* for respondent.

A trustee is selected because of the faith of the one selecting in him, and where more than one trustee is selected it must be because the person selecting them has more faith and confidence in their joint care and attention to the trust estate than in the care and attention of either individually. It is a settled rule of law that a trustee after he has accepted the office, can-

not discharge himself from liability merely by a subsequent resignation. Volume 39 Cyc., page 258. Appellant received the money and he cannot, from the showing in this case, excuse himself from liability. Deaderick v. Cantrell, 10 Yerg. 263; Davis v. Hoffman, 167 Mo. 573; Markel v. Peck, 144 Mo. App. 701; Hunter v. Hunter, 50 Mo. 445.

NORTONI, J.—This is a suit by Amanda E. Klatt, *cestui que trust,* for an accounting against Fred E. Keuthan and William H. Koehring, trustees under the will of Anna E. Peterson.

By the terms of the will of Anna E. Peterson, certain funds were left to Fred E. Keuthan and William H. Koehring, trustees, in trust for her son Julius Peterson for life, with remainder over to his children. Plaintiff, Amanda E. Klatt, is the sole surviving child of Julius Peterson, and prosecutes this suit for an accounting. The controversy relates to the loss of the sum of $5265.34 entailed upon the estate through the misconduct of the trustee Fred E. Keuthan and the alleged negligence of his cotrustee, William H. Koehring. It is conceded that the two trustees, acting jointly, received the sum of $5265.34, in funds belonging to the trust estate, and executed their joint receipt therefor. The evidence is, that the trustee William H. Koehring paid no attention whatever to the responsibility imposed by the trust, but permitted his cotrustee, Fred E. Keuthan, to take possession of and invest the funds as he saw fit. Some time thereafter, Keuthan invested this money in a deed of trust, which he kept for about a year and then sold. Upon realizing the money on the sale of the deed of trust, Keuthan used it for his own benefit and finally went into bankruptcy.

It is argued on the part of defendant Koehring that he may not be held to account for the default of his cotrustee, Keuthan, because it is said he was in

nowise at fault. In other words, it is urged that Koehring did not misappropriate any part of the funds of the estate and that he should not be held for the fault of Keuthan, who did. This argument proceeds upon the hypothesis that both Keuthan and Koehring acted together in purchasing the deed of trust, for it is said that it was merely kept in the possession of Keuthan, who afterwards converted it to his own use. It may be that if such were the facts of the case, the argument advanced would inhere with much force; but the evidence in the record, which is wholly undisputed, supports a contrary view. There is no evidence even tending to prove that the two trustees, acting together, purchased the deed of trust and merely left it in the possession of Keuthan, but, on the contrary, it appears that they jointly received the amount of $5265.34, for which a joint receipt was executed, and that Keuthan alone was permitted to take charge of this money and invest it without any sort of supervision or cooperation on the part of defendant Koehring.

In such circumstances, no one can doubt that responsibility is entailed upon the cotrustee, who was thus remiss and negligent about performing the duties enjoined upon him by the trust. Touching a similar question, Mr. Perry, in his work on Trusts, Vol. 1 (6 Ed.), section 418, says: "But if a trustee receive any portion of the funds from a transaction, he must personally see to the application of them; he cannot pass them over to his cotrustee for investment or distribution; and if he do so, he will be personally responsible for the acts and defaults of such cotrustee." [See, also, Deaderick v. Cantrell, 10 Yerg. (Tenn.), 263; Clark's Appeal, 18 Pa. St. 175; Sterrett's Appeal, 2 Pa. 419; Edmonds v. Crenshaw, 14 Peters 166, 39 U. S. 166.]

The version of the trustee Keuthan, given in evidence, is to the effect that he and Koehring received the money from the Peterson estate, and that Koeh-

ring had nothing to do. with it, but that Keuthan had sole charge of the matter, kept the account in a small book which he had lost, and that the money was invested in a deed of trust by him, which deed of trust he subsequently sold through Mr. Love, a real estate agent, a year later. The witness O'Connor says defendant Koehring said to him, that "he didn't know anything about the matter; that Mr. Keuthan had handled it entirely and he didn't know anything about the estate or what had become of the money, except that he knew they had received a certain amount from the estate of Anna E. Peterson. Anything further, as to what became of the money, he didn't know; that Mr. Keuthan handled the matter entirely." Defendant Koehring did not even take the stand to dispute the evidence thus given, and it must be regarded as conceded that he consented to his cotrustee Keuthan's taking charge of the funds and investing them and disposing of the securities as he saw fit. Obviously such careless and negligent conduct on his part operated a breach of his trust and he should respond accordingly.

The judgment is affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.