# United States Court of Appeals for the Federal Circuit

---

**TRESE BANNISTER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1978

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00500-AOB, Judge Armando O. Bonilla.

---

Decided: June 4, 2025

---

NATHAN S. MAMMEN, Snell & Wilmer, LLP, Washington, DC, argued for plaintiff-appellant.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, LOURIE and STARK, *Circuit Judges*.

MOORE, *Chief Judge.*

Trese Bannister, the surviving spouse of General Jeffrey Bannister, appeals from a decision of the United States Court of Federal Claims denying her request for a Survivor Benefit Plan (SBP) annuity. Because Mrs. Bannister is the proper beneficiary of the SBP annuity under the governing statute, we reverse the denial and remand for a determination of the annuity benefits due to Mrs. Bannister.

## BACKGROUND

General Bannister enlisted in the Army in 1979. J.A. 2. From 1980 to 1996, he was married to Patricia Erickson. *Id.* As part of their divorce proceedings, they executed a separation agreement wherein General Bannister agreed to elect Ms. Erickson as his SBP annuity beneficiary at the time of his retirement. J.A. 110.[1] On October 25, 1996, a Georgia state court issued a judgment finalizing the divorce and ordering the parties to comply with the separation agreement. J.A. 3; J.A. 107.

In 1998, General Bannister married Mrs. Bannister. J.A. 104. In 2017, General Bannister requested voluntary retirement, which was approved with an effective date of May 31, 2018. J.A. 3. As part of the retirement process, General Bannister elected Mrs. Bannister as his SBP

---

[1]    An SBP annuity is part of the Armed Forces Survivor Benefit Plan (Plan), codified at 10 U.S.C. §§ 1447–55. J.A. 1. The Plan provides financial support to military servicemembers' survivors upon a servicemember's death. *Id.* Section 1448 governs application of the Plan. Subsection (a) governs application of the Plan for "[p]ersons entitled to retired pay" while subsection (d) governs application of the Plan for servicemembers "who die[] while on active duty after . . . becoming eligible to receive retired pay." 10 U.S.C. § 1448(a), (d).

annuity beneficiary. J.A. 172–73. On May 27, 2018, four days before his planned retirement, General Bannister died. J.A. 105. Shortly after General Bannister's death, Ms. Erickson and Mrs. Bannister each submitted a claim for the same SBP annuity under General Bannister's plan. J.A. 4.

The Defense Finance and Accounting Service (DFAS) awarded the annuity to Ms. Erickson. J.A. 5; J.A. 293. DFAS explained it was required to pay the annuity to Ms. Erickson under 10 U.S.C. § 1448(d)(3) due to the separation agreement Ms. Erickson and General Bannister executed in 1996. J.A. 293. Mrs. Bannister appealed to the Defense Office of Hearings and Appeals (DOHA) and then to the Army Board for Correction of Military Records (ABCMR). Like DFAS, DOHA and ABCMR held Ms. Erickson was the proper beneficiary under § 1448(d)(3). J.A. 315–21 (DOHA initial decision); J.A. 335–40 (DOHA reconsideration decision); J.A. 32–55 (ABCMR decision).

Mrs. Bannister appealed to the Court of Federal Claims. *Bannister v. United States*, 165 Fed. Cl. 119, 120 (2023) (*Decision*). The parties filed cross-motions for judgment on the administrative record. *Id.* The Court of Federal Claims denied Mrs. Bannister's motion and granted the government's motion because it concluded § 1448(d)(3) precludes Mrs. Bannister from receiving the annuity. *Id.* at 124–25. Mrs. Bannister appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review legal determinations by the Court of Federal Claims, including judgment on the administrative record, *de novo*." *Kelly v. United States*, 69 F.4th 887, 894 (Fed. Cir. 2023). "We apply the same standard applied by the Court of Federal Claims, and do not disturb a determination of [ABCMR] unless it was arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Id.*

We review statutory interpretation de novo. *LaBonte v. United States*, 43 F.4th 1357, 1367 (Fed. Cir. 2022).

The issue on appeal is whether General Bannister's former spouse (Ms. Erickson) or surviving spouse (Mrs. Bannister) is the correct beneficiary of his SBP annuity pursuant to 10 U.S.C. § 1448. Mrs. Bannister makes two arguments as to why she is entitled to General Bannister's SBP annuity. First, Mrs. Bannister argues § 1448(a) governs because General Bannister was a "[p]erson entitled to retired pay" at the time of his death and she is entitled to the SBP annuity pursuant to General Bannister's 2018 election. Appellant Br. 20–27. Alternatively, Mrs. Bannister argues that even if § 1448(d) governs, she is still the correct beneficiary because Ms. Erickson failed to send the Secretary "a written request . . . that the election be deemed to have been made . . . as provided in section 1450(f)(3)." *Id.* at 27–38.

The government argues § 1448(d) governs because General Bannister died on active duty. Appellee Br. 20–39. Under § 1448(d), the government argues Ms. Erickson is entitled to the SBP annuity and did not need to submit a written request for a deemed election. *Id.* We hold § 1448(d) governs entitlement to General Bannister's SBP annuity and, pursuant to the statute, Mrs. Bannister is entitled to the SBP annuity.

### I.   Section 1448(d) governs

The plain language of § 1448(d) states it applies to servicemembers "who die[] while on active duty after . . . becoming eligible to receive retired pay," which is the situation here. 10 U.S.C. § 1448(d)(1)(A)(i). By contrast, § 1448(a) applies to servicemembers "entitled to retired pay," which occurs upon retirement. 10 U.S.C. § 1448(a)(1)(A); *see* 10 U.S.C. § 3929 ("A member of the Army retired under this chapter is entitled to retired pay[.]") (repealed and recodified at 10 U.S.C. § 7329 (2019)); *see also* 38 U.S.C.§ 5304(c) (prohibiting a

servicemember from receiving duplicative pay, which includes concurrently receiving both "retirement pay" and "active service pay"). While General Bannister was *eligible* for retirement, he was not retired when he died on active duty, and therefore was not yet *entitled* to retired pay. Accordingly, § 1448(d) governs.

## II. Mrs. Bannister is the correct beneficiary

Under § 1448(d), entitlement to the SBP annuity defaults to the surviving spouse. 10 U.S.C § 1448(d)(1) ("[T]he Secretary concerned shall pay an annuity under this subchapter to the surviving spouse of . . . a member who dies while on active duty after . . . becoming eligible to receive retired pay[.]"); *Decision* at 124. The government does not dispute this. Oral Arg. at 13:10–23.[2]

An exception to this default rule allows a former spouse to receive the SBP annuity when a court order or spousal agreement requires the servicemember to provide it. *Decision* at 124. The exception states:

(3) Mandatory former spouse annuity.—If a member described in paragraph (1) is required under a court order or spousal agreement to provide an annuity to a former spouse upon becoming eligible to be a participant in the Plan or has made an election under subsection (b) to provide an annuity to a former spouse, the Secretary—

(A) may not pay an annuity under paragraph (1) [to the surviving spouse] or (2) [to dependent children]; but

(B) shall pay an annuity to that former spouse as if the member had been a participant in the Plan and had made an election under

---

[2]   Available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1978_01142025.mp3.

subsection (b) to provide an annuity to the former spouse, or in accordance with that election, as the case may be, if the Secretary receives a written request from the former spouse concerned that the election be deemed to have been made in the same manner as provided in section 1450(f)(3)[3] of this title.

10 U.S.C § 1448(d)(3).

Mrs. Bannister argues the exception under § 1448(d)(3) does not apply because this section, read as a whole, required Ms. Erickson to timely submit a written request for a deemed election pursuant to § 1450(f)(3), which she did not do. Appellant Br. 27–38. The government argues the exception applies based on subpart (A) alone and that, even if we reach subpart (B), Ms. Erickson did not have to submit a written request for a deemed election pursuant to § 1450(f)(3). Appellee Br. 20–39. We agree with Mrs. Bannister.

## A.

Statutory interpretation is a "holistic endeavor" that requires, "at a minimum, [we] account for a statute's full text, language as well as punctuation, structure, and subject matter." *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (citation omitted). While § 1448(d)(3) is "not a model of clarity," *Decision* at 120, the language of the statute shows the subparts are interconnected. Section 1448(d)(3) is a single sentence that includes a preamble and subparts (A) and (B) separated by the coordinating conjunction "but," which is generally "used to connect coordinate elements." *Webster's Third*

---

[3]    Section 1450(f)(3) requires the former spouse to submit a written request for a deemed election "within one year of the date of the court order or filing involved." 10 U.S.C. § 1450(f)(3).

*New International Dictionary*, at 303 (2002). When read together, subpart (A) precludes payment of the annuity to the surviving spouse when the Secretary is required to pay the former spouse under subpart (B). This aligns with the default rule that the surviving spouse receives the annuity.

Reading the subparts in conjunction also prevents situations where neither the surviving nor the former spouse is entitled to the annuity. As the Court of Federal Claims' interpretation shows, if subparts (A) and (B) are read in isolation, neither spouse is entitled to the annuity if the former spouse fails to satisfy the requirements of subpart (B). *Decision* at 124 ("Subsection (d)(3)(A) begins and ends the statutory analysis . . . . Under the governing statutory scheme, even if Ms. Erickson were disqualified for failure to perfect her claim [under subpart (B)], [Mrs.] Bannister is nonetheless not entitled to an SBP annuity [under subpart (A)].").

B.

We next consider whether a former spouse is required under subpart (B) to submit a timely request for a deemed election for the exception to apply. The preamble of § 1448(d)(3) contemplates two scenarios when the former spouse may be entitled to an annuity: "[1] If a member . . . is required under a court order or spousal agreement to provide an annuity to a former spouse upon becoming eligible to be a participant in the Plan or [2] has made an election . . . to provide an annuity to a former spouse." This appeal concerns the first scenario.

Subpart (B) provides the Secretary "shall pay an annuity to that former spouse as if the member had been a participant in the Plan and had made an election . . . to provide an annuity to the former spouse, or in accordance with that election, as the case may be, *if the Secretary receives a written request from the former spouse concerned that the election be deemed to have been made in the same manner as provided in section 1450(f)(3).*" We conclude the final "if"

clause modifies both election scenarios that precede it and requires a former spouse to submit a timely written request in either scenario.

The government argues the final "if" clause acts as an independent third scenario for awarding the former spouse the annuity. Appellee Br. 25–28, 32–33. But the plain language of the statute indicates otherwise. Subpart (B) uses "or" to separate the two scenarios but a comma to separate the final "if" clause from the preceding scenarios, which indicates the "if" clause modifies both of the preceding scenarios rather than functioning independently. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 403 (2021) (holding a qualifying phrase separated from antecedents by a comma is evidence the qualifier applies to all the antecedents). Moreover, the location of the phrase "as the case may be"— after the two scenarios but before the final "if" clause—indicates the "if" clause is not a third alternative; otherwise, the phrase would follow the "if" clause, not precede it. *United States v. Woods*, 571 U.S. 31, 46 (2013) (holding the phrase "as the case may be" indicates the preceding items are alternatives).[4]

The government's interpretation would also render the final "if" clause superfluous. The government argues if either election scenario is present the former spouse is automatically entitled to the annuity. This renders the final "if" clause meaningless because it would never be implicated if a former spouse is automatically entitled to the annuity under either election scenario without having to submit a timely written request. *TRW Inc. v. Andrews*, 534

---

[4]    Our interpretation is consistent with Georgia state law which, while not controlling, recognizes provisions of the SBP control over a Georgia divorce decree awarding the annuity to a former spouse when the former spouse fails to make a request for a deemed election. *King v. King*, 483 S.E.2d 379, 382–83 (Ga. Ct. App. 1997).

U.S. 19, 31 (2001) (holding statutes should be construed so that no clause is rendered superfluous).

Moreover, requiring a former spouse to submit a written request for a deemed election makes practical sense. While the surviving spouse receives the annuity by default, Congress carved out an exception when the former spouse is entitled to the annuity per a court order or spousal agreement. 10 U.S.C. § 1448(d)(3). Requiring the former spouse to notify the government in writing of his or her entitlement to the annuity within one year of the court order ensures the government knows the correct beneficiary and can begin paying the annuity quickly upon the servicemember's death. Absent such notice, it would be impractical to expect the government to know of every state court order that may implicate an annuity claim. This also prevents situations where the government must stop paying, and possibly even claw back, an annuity after awarding it to a surviving spouse in situations where the former spouse requests the annuity years after it was awarded.

Having concluded a former spouse is required to submit a timely written request for a deemed election pursuant to § 1450(f)(3) to be entitled to an SBP annuity under § 1448(d)(3), we next consider whether Ms. Erickson met this requirement. There is no dispute Ms. Erickson failed to do so. Oral Arg. at 18:25–41; *Decision* at 122. Given this, the exception for a former spouse under § 1448(d)(3) does not apply and Mrs. Bannister is the proper beneficiary under the default rule of § 1448(d)(1) that provides the annuity to the surviving spouse. While we are sympathetic to Ms. Erickson's circumstances, we are without authority to waive statutory requirements.

## CONCLUSION

We reverse the decision of the Court of Federal Claims denying Mrs. Bannister's request for the annuity and remand for a determination of the annuity benefits due to Mrs. Bannister.

## REVERSED AND REMANDED

COSTS

Costs to Mrs. Bannister.